# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHAMONA BRYANT,

      Plaintiff,

v.

SPEEDWAY LLC, a foreign limited liability company,

      Defendant.

Case No.

Hon.

| | |
|---|---|
| BUCKFIRE LAW FIRM<br>David R. Adgate (P84200)<br>29000 Inkster Rd., Suite 150<br>Southfield, MI 48034<br>(248) 621-5674<br>david@buckfirelaw.com<br>*Attorney for Plaintiff* | MILLER, CANFIELD, PADDOCK<br>   and STONE, P.L.C.<br>Amy M. Johnston (P51272)<br>Samantha S. Galecki Sager (P74496)<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313) 496-8479<br>johnston@millercanfield.com<br>galecki@millercanfield.com<br>*Attorneys for Defendant Speedway LLC* |

## **DEFENDANT SPEEDWAY LLC'S NOTICE OF REMOVAL**

Defendant Speedway LLC ("Speedway"), by and through its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., gives notice of its removal of this action from the Circuit Court for the County of Kalamazoo (Case No. 25-0389-NO) to the United States District Court for the Western District of Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1332 and 1441. In support of its Notice of Removal, Speedway states as follows:

    1.    An action has been commenced against Speedway in the Circuit Court for the County of Kalamazoo, State of Michigan, entitled *Shamona Bryant v. Speedway LLC*, Case No. 25-0389-NO. Copies of the Summons and Complaint and all pleadings filed are attached as Exhibit A.

2.      Speedway was served with copies of the Summons and Complaint via certified mail on July 3, 2025. This Notice of Removal is due within thirty days following receipt thereof and is therefore timely under 28 U.S.C. § 1446(b)(1).

3.      Plaintiff alleges in her Complaint that she "slipped and fell on a natural and/or unnatural accumulation of ice" at a Speedway gas station and convenience store in Kalamazoo, Michigan and sustained, among other things, a fractured right kneecap along with injuries to her right leg and hip. Ex. A, Compl. ¶¶ 6, 8, 12. Plaintiff seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. *Id.* ¶ 3.

## Grounds for Removal

4.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

5.      The United States District Court for the Western District of Michigan has original jurisdiction because this is an action (a) where the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and (b) between citizens of different states. *See* 28 U.S.C. § 1332.

6.      Plaintiff alleges in her Complaint that she is a resident of Kalamazoo, Michigan. Ex. A, Compl. ¶ 1. Publicly available voter registration information shows that Plaintiff is a registered voter in Michigan. *See* Ex. B. Thus, Plaintiff is a citizen of Michigan.

7.      Speedway is a Delaware limited liability company with a sole member, SEI Speedway Holdings, LLC. SEI Speedway Holdings, LLC is a Delaware limited liability company

with a sole member, 7-Eleven, Inc. 7-Eleven, Inc. is a Texas corporation with its principal place of business in Texas. *See* the State of Delaware Division of Corporations confirmation pages for Speedway and SEI Holdings, LLC and the State of Texas Office of the Comptroller status page for 7-Eleven, Inc., cumulatively attached as Exhibit C. Thus, Speedway is a citizen of Texas. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (stating that an unincorporated entity like an LLC "has the citizenship of each of its members"). Speedway is the only named defendant in this matter.

8. There is complete diversity of citizenship between the parties because Plaintiff is a citizen of Michigan and Defendant Speedway is a citizen of Texas.

9. Further, the amount in controversy more likely than not exceeds $75,000, as discerned from the allegations in Plaintiff's Complaint and pertinent jury verdict and settlement research.

10. Plaintiff seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. Ex. A, Compl. ¶ 3. A notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000. *See* 28 U.S.C. § 1446(c)(2)(A)-(B); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 57273 (6th Cir. 2001); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (noting that state court rules "might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for") (citations omitted)). Indeed, the Michigan court rules permit recovery in excess of the amount demanded in Plaintiff's pleadings. *See* M.C.R. 2.601(A).

3

11.     Plaintiff alleges that she slipped and fell on ice and "sustain[ed] severe, permanent, and progressive injuries to her person and body including, but not limited to, injuries to her right knee (suffered a fractured kneecap), right leg, right hip, right pinky finger, buttocks, back, neck, causing [her] to suffer from migraines and dizziness." Ex. A, Compl. ¶ 12. Plaintiff further alleges that her injuries required "medical care and treatment, extensive physical therapy, pain medications and other rehabilitative aids" and that "[she] has been required to spend substantial sums of money [resulting from her injuries] and will continue to do so in the future." *Id.* ¶ 12, 13. These allegations of injuries reflect a likelihood that this controversy involves claims exceeding $75,000.

12.     Jury verdicts and settlements from similar alleged injuries reveal that, if liability is proven, damages are likely to exceed $75,000. Please refer to the following results, cumulatively attached as Ex. D: *Wallace v. Imbrone*, JVR No. 431298, 2003 WL 25052242 (Mich. Cir. Ct. 2003) ($90,000 settlement for plaintiff who suffered a left knee fracture in a car accident); *Heath v. Smith*, JVR No. 1101130002, 2006 WL 6679173 (Washtenaw County Cir. Ct. 2006) ($80,000 settlement for plaintiff who suffered a fractured knee with arthritis following a motorcycle accident); *Onuskanick v. Bettis*, JVR No. 58873, 1990 WL 460303 (Mich. Cir. Ct. 1990) ($100,000 award for plaintiff who suffered a comminuted knee fracture and subsequent long-term complications after car accident); *Hampshire v. Berden*, JVR No. 354737, 1995 WL 1053932 (Mich. Cir. Ct. 1995) ($100,000 award for plaintiff who brought a premises liability claim after suffering "a fractured ankle, broken teeth, a dislocated knee, a soft tissue thigh injury and a soft tissue hand injury").

13.     Based on the injuries and damages alleged in the initial pleadings and pertinent jury verdict and settlement research revealing awards in excess of $75,000 for similar injuries as those

4

alleged, this action satisfies the necessary requirements of amount in controversy for removal to this Court.

### Procedural Requirements for Removal

14. Speedway, the only defendant here, has satisfied or will satisfy all procedural requirements for removal under 28 U.S.C. § 1446.

   a. In accordance with 28 U.S.C. § 1446(a), this is the appropriate court for removal because the state court in which this action was commenced, the Kalamazoo County Circuit Court, is within this Court's district and division. Copies of all process, pleadings, and orders served upon Speedway in this action, including the Summons and Complaint, are attached as Exhibit A. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

   b. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty days of the receipt of the Summons and Complaint. Speedway is the only defendant in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

   c. In accordance with 28 U.S.C. § 1446(d), Speedway will promptly notify Plaintiff in writing that this case has been removed to this Court pursuant to this Notice of Removal. Speedway will, on the day of filing of this Notice of Removal, submit for filing a copy of the same with the court clerk of the Kalamazoo County Circuit Court.

16. The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, Speedway respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

17. In removing this action, Speedway specifically reserves all its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Speedway LLC hereby petitions to remove this case from the Circuit Court for Kalamazoo County, State of Michigan, to the United States District Court for the Western District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ *Samantha S. Galecki Sager*
Amy M. Johnston (P51272)
Samantha S. Galecki Sager (P74496)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 496-8479
johnston@millercanfield.com
galecki@millercanfield.com
Attorneys for Defendant Speedway LLC

Dated:  July 31, 2025

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2025, I electronically filed the foregoing papers with the Clerk of the Court using the Court's electronic filing system and served a copy of same upon the following via email and USPS Mail:

> BUCKFIRE LAW FIRM
> David R. Adgate
> 29000 Inkster Rd., Suite 150
> Southfield, MI 48034
> david@buckfirelaw.com

                                            By: */s/ Samantha S. Galecki Sager*
                                                 Samantha S. Galecki Sager

44159233.4/135532.00145